IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:24-CV-149-KDB-DCK

| | |
|---|---|
| KURT BUSCH, | ) |
| | ) |
| Plaintiff, | ) PROTECTIVE ORDER |
| | ) |
| v. | ) |
| | ) |
| LLOYDS UNDERWRITER SYNDICATE | ) |
| NO. 4444 CNP A12055BAA, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Consent Motion For Stipulated Joint Protective Order" (Document No. 35) filed November 4, 2024. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, and noting the parties' agreement, the undersigned will grant the motion.

The parties "anticipate that confidential and/or proprietary information will be produced during the course of litigation in this matter" and request the entry of a protective order. (Document No. 35).

**IT IS, THEREFORE, ORDERED** that the "Consent Motion For Stipulated Joint Protective Order" (Document No. 35) is **GRANTED**. The parties' Joint Proposed Stipulated Protective Order is entered as follows:

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, private and/or commercially sensitive information for which special

protection from public disclosure and from use for any purposes other than litigating this action may be warranted.

The parties acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under this Order and applicable law.

The parties further acknowledge that this Protective Order does not entitle them to file confidential information under seal; that any motion, memorandum, document or other paper filed with the Court is presumptively a public document; that LCvR 6.1 and LCvR 7.1 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal; and that any decision of the Court regarding whether to allow any filing to be made under seal is subject to LCvR 6.1, LCvR 7.1 and other applicable law.

**2. DEFINITIONS**

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this order.

2.2 "CONFIDENTIAL" Information or items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 Counsel: Counsel of record who are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, including their support staffs.

2.4     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material:  all items or information, regardless of the medium or way it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve an expert witness or as a consultant in this action.

2.7     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8     Party:  any party to this action, including all its officers, directors, employees, consultants, retained experts, counsel of record, and their support staffs.

2.9     Producing Party:  a Party or Non-Party that produces Disclosure or Discovery material in this action.

2.10    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.11    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.12    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. **DURATION**

Except as specifically provided herein, the terms, conditions and limitations of this Stipulated Protective Order shall survive the termination of this action. The ultimate disposition or protected materials is subject to a final order of the Court on the completion of the litigation. Completion of this litigation shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection:  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific materials that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify—so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations:  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding deposition transcripts or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for production, the Producing Party must also clearly identify the protection, the

5

Case 5:24-cv-00149-KDB-DCK    Document 36    Filed 11/05/24    Page 5 of 17

Producing Party also must clearly identify the protected portions(s) (e.g., by making the appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    (b) for information in documentary form in which, due to the nature of the information in question, and/or the manner it is produced (e.g., audiovisual or other electronic media), it is impossible or impractical to physically affix a designation on the information itself, the Producing Party shall specifically identify in a contemporaneous companion written communication the Protected Material.

    (c) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing or other proceeding, all protected testimony.

    (d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or items is stored the legend "CONFIDENTIAL."

If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

   5.3  <u>Inadvertent Failures to Designate:</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.  CHALLENGING CONFIDENTIAL DESIGNATIONS

   6.1  <u>Timing of Challenges:</u> Any Party or Non-Party may challenge a designation of confidentiality at any time.  Nothing in this Stipulated Protective Order constitutes an admission by any Party that confidential information disclosed in this case is relevant or admissible. Each Party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   <u>Meet and Confer:</u> In the event a Party challenges another party's confidential designation, Counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court.  The parties must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice, followed by written notice.

To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Protective Order.

In conferring, the Challenging Party must explain the basis for their belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.2 <u>Judicial Intervention:</u> If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion setting forth the Challenging Party's reasons why the designation should be changed under the applicable federal and local rules within twenty-one (21) days of the initial notice of challenge or within fourteen (14) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Challenging Party to make such a motion including the required declaration within twenty-one (21) days (or fourteen (14) days, if applicable), shall automatically waive the Challenging Party's challenge for each challenged designation. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

Unless and until the Court issues a ruling that the Protected Material may be disclosed to persons other than those authorized by this Order, the contested designation shall remain in place and be treated consistently with the terms of this Order.

The burden of persuasion in any such challenge proceeding shall be on the Challenging Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles:  Unless otherwise ordered by the Court, or otherwise provided for herein, the Protected Material disclosed will be held and used by the Receiving Party solely for use in connection with the above-captioned action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of the Final Disposition section of this Order.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized in this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Counsel in this action;

(b)      the employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c)     any Consultants or experts to the extent deemed necessary by Counsel;

(d) any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for their testimony and may not retain the confidential information;

(e) the Court, its personnel, the jury at trial, or as exhibits to motions.

7.3 <u>Agreement to Be Bound:</u>  The confidential information may be displayed to and discussed with the persons identified in Paragraph 7.2(c) and (d) only on the condition that prior to any such display or discussion, each person shall be asked to sign an agreement to be bound by this Order in the form attached as **Exhibit A**.  If such person refuses to sign an agreement in the form attached as **Exhibit A**, the Party desiring to disclose the confidential information may seek appropriate relief from the Court.

7.4 <u>Sealing Protected Material:</u>  Regarding Paragraphs 7.2(d) and (e), it is understood by the Parties that any documents which become part of an official judicial proceeding, or which are filed with the Court, are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law.  This Stipulated Protective Order does not provide for the automatic sealing of such documents.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify the writing party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) If a Party is required, by a valid discovery request, to produce a Non-Party confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this Stipulated Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of their Protected Material.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use their best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

11. **INADVERTANT PRODUCTION OF PRIVLEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**12. <u>MISCELLANEOUS</u>**

12.1 <u>Right to Further Relief:</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections:</u> By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order, or to apply to the Court for an order compelling production of documents or information. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material:</u> Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with LCvR 6.1. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to LCvR 6.1, a sealing order may be entered only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal

pursuant to LCvR 6.1 is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13. **<u>FINAL DISPOSITION</u>**

Within thirty (30) days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty (30) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motions papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contained Protected Material. Any such archival copies that contain or constitute Protected Material remains subject to this Protective Order as set forth in Paragraph 4.

The foregoing is entirely without prejudice to the right of any Party to apply to the Court for any further Protective Order relating to "CONFIDENTIAL" information; or to object to the

production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

**SO ORDERED**.

Signed: November 5, 2024

David C. Keesler
United States Magistrate Judge

IT IS SO STIPULATED, THROUGH COUNSEL:

By: /s/ *Andrew A. Beerworth*
Andrew A. Beerworth, Esq.
PAUL FRANK + COLLINS P.C.
*Pro Hac Vice*
Vermont License No. 4700
P.O. Box 1307 / One Church Street
Burlington, VT 05402-1307
Telephone: 802.658.2311
Facsimile: 802.658.0042
Email: abeerworth@pfclaw.com

AND

By: /s/ *Kevin M. O'Brien*
Kevin M. O'Brien NC Bar No.: 43373
PHELPS DUNBAR LLP
4141 ParkLake Avenue, Suite 530
Raleigh, North Carolina 27612
Telephone: 919.789.5300
Facsimile: 919.789.5301
Email: obrienk@phelps.com


*Attorneys for Defendants/Counterclaimants*

By: /s/ *Sarah Wykoff*
Adam Kutinsky, Esq. (MI P57900)
Sarah Wykoff, Esq. (MI P76321)
KUTINSKY, PLLC
*Pro Hac Vice*
370 E Maple Road, 3rd Floor
Birmingham, MI 48009
(248) 712-1049
adam@kutinsky.com
sarah@kutinsky.com

AND

By: /s/ *Haley M. Lohr*
Adan L. Ross (NC Bar #31766)
Haley M. Lohr (NC Bar #56141)
JAMES, McELROY & DIEHL
525 N. Tryon Street, Suite 700
Charlotte, NC 28202
(704) 372-9870
aross@jmdlaw.com
hlohr@jmdlaw.com


*Attorneys for Plaintiff/Counterdefendant*

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled **KURT BUSCH v LLOYD'S UNDERWRITER SYNDICATE NO. 4444 CNP A12055BAA, LLOYD'S UNDERWRITER SYNDICATE NO. AXS 1686 3410716121 PA, LLOYD'S UNDERWRITER SYNDICATE NO. HAM 4000 Z1167E21 A000 and ENDURANCE WORLDWIDE INSURANCE LTD. E9105 LAH303521001 a/k/a ENDURANCE WORLDWIDE INSURANCE LTD LIRMA E9105 LAH3035210001**, have been designated as confidential.

I have been informed that any such document or information labeled as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of the action.

Date: _____

City and State where sworn and signed_____

Printed Name: _____

Signature: _____

Signed in the presence of_____

(Attorney)